REQUESTED BY: Donald L. Knowles, County Attorney, Douglas County, Hall of Justice, 17th Harney Streets, Omaha, Nebraska.
Since section 1, subsection 4, of LB 169 provides `that the Court may terminate the parental rights of one or both parents after notice and hearing, and shall serve notice thereof upon the parents,' what type of notice is necessary particularly with a parent whose whereabouts is unknown?
Since the statute requires notice and a hearing but is not specific on type of notice or the time period of publication, it is the opinion of this office that `reasonable notice' is required. Since section 43-206.01, R.R.S. 1943, sets out the notice required for juvenile adjudications and has been held to be reasonable, the requirements of that statute should be an acceptable standard for the court's determination.
LB 169 effectively grants concurrent jurisdiction (with the juvenile courts) to the district courts for the termination of parental rights as part of the dissolution of marriage by amendment of section 42-364.
The act provides that when termination of parental rights is placed in evidence, the court shall appoint an attorney guardian ad litem and that the guardian shall apply for termination of parental rights if it is in the best interests of the children. It further provides that the court may then terminate the parental rights of one or both parents after notice and hearing and shall serve notice thereof upon the parents.
LB 169, section 2, amends section 43-201, R.R.S. 1943 (Juvenile Courts), by adding to subsection 4 that nothing in the act shall be construed to deprive the district courts of their jurisdiction acquired in an action for divorce, legal separation, or annulment. Although the latter statement is ambiguous when considered in context with section 1 (amending section 42-364), it is our opinion that the Legislature was, in effect, granting concurrent jurisdiction to the district courts (with the juvenile courts) on the subject of termination of parental rights.
Section 43-206.01, R.R.S. 1943, sets out in detail the manner of service and of giving notice in the juvenile courts. This includes the requirements of publication once each week for three weeks, the last publication of which shall be at least five days before the time of hearing. Section 43-409 sets out the requirements for termination of parental rights and states specifically that the court shall cause to be endorsed on the summons and notice that the proceeding is one to terminate parental rights, shall set the time and place for hearing, and shall cause summons and notice, with a copy of the petition, supplemental petition, or motion attached, to be given in the same manner as required in other cases before the juvenile court.
In summary, since section 1 of LB 169, which amends section 42-364 (Dissolution of Marriage and Separation), is silent on the matter of notice in termination of parental rights, the test is reasonable notice under the due process clauses of the Nebraska and United States Constitutions. However, since the Legislature obviously intended to establish concurrent jurisdiction with the juvenile courts and since the juvenile statute section 43-206.01 clearly sets out the requirement of notice, it is the opinion of this office that the notice requirements in the juvenile statutes would, in fact, constitute reasonable notice in the termination of parental rights as part of dissolution of marriage.